CHRIS MURPHY v. BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF COOK.

October 20, 1898.

Nos. 11,388—(224).

Laws 1895, c. 297—Partial Repeal by Laws 1895, c. 289—Bonds for Roads and Bridges.

> That act of the legislature approved April 19, 1895, now known as "Chapter 289, Laws 1895," in which authority was conferred upon the electors of each county to vote in favor of the issuance of bonds for the construction of roads and bridges to an amount not to exceed one per cent. of the assessed valuation, repealed by implication that portion of an earlier legislative act, approved April 5 of the same year, now known as "Chapter 297, Laws 1895," by which the electors of each county were authorized to vote in favor of a bond issue for the construction and repair of roads and bridges to an amount equal to two per cent. of the assessed valuation, and modified and limited the operation of the provisions of chapter 297 to the issuance of bonds for the other purposes specified, namely, for funding floating indebtedness, or for purchasing or improving a poor farm or poor house.

Action in the district court for Cook county by a taxpayer therein to enjoin defendant board from issuing certain county bonds. The cause was tried before Ensign, J., without a jury; and judgment was ordered for defendant. From the judgment entered in pursuance of the order, plaintiff appealed. Reversed.

*Searle & Spencer*, for appellant.

*L. U. C. Titus* and *Wm. E. Culkin*, for respondent.

COLLINS, J.

Briefly stated, the facts are that the assessed valuation of the taxable property in defendant county is $837,752. In 1896 the people voted, and the county commissioners issued, the bonds of the county in the amount of $6,500 for the construction of free roads and bridges, under the provisions of Laws 1895, c. 289, an act of the legislature approved April 19, 1895, which authorizes the

issuance of such bonds in an amount not exceeding one per cent. of the assessed valuation. This issue, as will be noticed, was for an amount less than one per cent. of such valuation. In March, 1898, and under the provisions of Laws 1895, c. 297, the people voted, and the commissioners issued, bonds to the amount of $3,000 for the purpose of funding the floating indebtedness of the county. At the same time there was voted by the people a bond issue in the sum of $8,000 for the purpose of constructing and repairing roads and bridges in the county.

This is an action to restrain the issuance of these bonds. It is contended that they were authorized and can be lawfully issued under the provisions of said chapter 297. This law, although bearing a later number in the published volume of session laws than the one heretofore mentioned,—chapter 289,—was enacted earlier, and was approved on April 5. It authorized, in terms, the issuance of bonds, on a vote of the people, to the amount of two per cent. of the assessed valuation, for the purpose of funding the floating indebtedness of a county, for the purchasing or improvement of a poor farm or poor house, or for constructing or repairing roads or bridges. Under this act bonds to the amount of two per cent. of the assessed valuation were authorized for either of the purposes specified, so that under its provisions bonds could have been voted, up to the limit, in any county in the state for the sole purpose of constructing or repairing roads and bridges. And, if defendant's counsel are right in their contention, another issue of bonds in an amount not exceeding one per cent. of the valuation could have been voted and issued under chapter 289, enacted 14 days later, for practically the same purpose.

Is it to be supposed that the legislature intended such a result, or must we hold that the intention was to limit the power to issue bonds for road and bridge construction to one per cent. of the valuation, thus repealing by implication the authority given in chapter 297 to issue bonds for this special purpose, and confirming and restricting the operation of that statute to an issuance of bonds for the other purposes named, for funding the floating indebtedness, or for purchasing or improving a poor farm or poor house? We are of the opinion that the legislature did not intend to confer upon

the voters of a county the right to vote bonds for the construction or repair of roads and bridges to an amount equal to three per cent. of the assessed valuation, but that the design was fully manifested in chapter 289, the later enactment, to limit the amount to be issued for this specific purpose to one per cent. To this extent the authority conferred in chapter 297 must be held to have been modified. This confines the operation of said chapter to voting and issuing bonds for the other purposes specified, namely, for funding floating indebtedness, or for purchasing or improving a poor farm or poor house.

It follows that the entire proposed issue of bonds of the defendant county to the amount of $8,000, under the provisions of chapter 297, is unauthorized and illegal. County bonds, for the purpose named in this proposed issue, must be put upon the market in accordance with the terms of chapter 289.

Judgment reversed, and upon remittitur final judgment will be entered in the court below as prayed for in the complaint.